**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LEALON MULDROW,**

        **Petitioner,**

      **v.**                              **CASE NO. 10-3160-RDR**

**WARDEN CLAUDE**
**CHESTER, et al.,**

        **Respondents.**

## MEMORANDUM AND ORDER

This action, filed pro se by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL), is styled by him as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, the original petition is also entitled "Motion Challenging Conditions of Confinement." Muldrow has since filed two additional pleadings, the first entitled "Amended" § 2241 habeas corpus[1] again announces that he is "challenging conditions of his confinement." The third is a "Motion Seeking Expeditory (sic) Injunctive Relief."

In the first of these pleadings, Muldrow raises various claims regarding disciplinary action taken against him for an incident that arose on July 1, 2010. He alleges that the action (1) violated due process and equal protection; (2) was in retaliation for his filing grievances, (3) was based upon a false disciplinary report, and (4) that his placement in the Special Housing Unit (SHU) as a result was without due process. He also challenges conditions of his confinement, in that he claims that his First Amendment rights are

---

[1] Mr. Muldrow has not properly amended his complaint/petition. If a proper amended Petition had been filed, this court would treat the initial Petition (Doc. 1) as completely superceded by the Amended Petition (Doc. 2), and give no further consideration to the original petition. It does not appear that Mr. Muldrow intended for the court to ignore his original Petition.

being violated in the SHU in that he is unable to attend his religious service and receive Islamic counseling. In addition, he asserts that he is being subjected to cruel and unusual punishment by his continued detention in the SHU.

In his purported Amended Petition, Mr. Muldrow adds two "respondents" and claims. He adds Officer Mike Erdley, and alleges that Erdley in 2007[2] threw away some Islamic literature, in 2008 had him locked up in SHU for 3 weeks on an earlier false incident report, and between 2008 and 2010 threw away other Islamic materials from Mr. Muldrow's cell. He also adds Mike Crowell, Supervisory Chaplain at USPL, and alleges that Crowell violated petitioner's religious rights in 2006, 2007, and during Ramadan in 2008 and 2009. He asserts that these two individuals violated his First, Fifth, and Eighth Amendment rights. In addition, he makes the bald allegation that these two persons are "using their influences" to keep him in SHU in retaliation for filing administrative grievances and complaints.

In his motion seeking injunctive relief, Muldrow alleges that he has filed administrative grievances on visiting conditions, food service contamination and odor, illegal confiscation of some mail he sent to his family, unprofessional and disrespectful behavior of officers. He also alleges that he believes attempts are being made to set him up or provoke him in order to give him a disciplinary write-up. He further claims that in SHU his food "is isolated," all

---

[2] The court notes that any claims which occurred prior to August 2, 2008, are likely barred by the statute of limitations, which is two years for civil rights claims. Thus, Mr. Muldrow may not recover for any event that occurred prior to that date.

2

his mail has not reached him, his movement is only to recreation, he is not allowed contact visitation, he is only afforded law library time maybe an hour every other week, and he is not allowed to work in UNICOR and take educational programs. The court is asked to order his immediate transfer to Oklahoma Transit Center, "pending redestination" away from "Leavenworth staff."

**FILING FEE**

Mr. Muldrow has neither paid the statutory filing fee herein nor submitted a motion to proceed without prepayment of fees. He is required to satisfy the filing fee prerequisite in one of these two ways before this action may proceed. An initial problem presented by Mr. Muldrow's pleading is that he improperly mixes habeas corpus claims with claims regarding his conditions of confinement. The filing fee for a habeas corpus petition is $5.00, while the filing fee for a civil rights complaint is $350.00. Mr. Muldrow will be given time to file an Amended Petition (or complaint), and pay the appropriate filing fee for this action[3] or submit a properly supported motion[4] to proceed without prepayment of fees upon forms provided by the court. The clerk shall be directed to send forms

---

[3] If Mr. Muldrow voluntarily dismisses all conditions of confinement claims from this action and proceeds only upon his challenges to the July 2010 disciplinary action, the filing fee is $5.00.
 In order to change this action to a civil rights complaint and proceed herein upon his conditions of confinement claims, he must file an "Amended Complaint" that omits all habeas claims and contains only his conditions of confinement claims. If he changes this action to a civil complaint, then he must satisfy the filing fee of $350.00.

[4] Petitioner is further advised that 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

3

for filing a motion to proceed without prepayment of fees under 28 U.S.C. § 1915(a), and Mr. Muldrow will be given time to either pay the appropriate fee or submit a motion and certified statement that conforms to the requirements of Section 1915(a). He is forewarned that if he properly amends this action to a civil rights complaint and is granted leave to proceed without prepayment of fees, he will nonetheless remain obligated to pay the $350.00 filing fee, but will be permitted to do so through payments automatically deducted from his inmate account pursuant to 28 U.S.C. 28 U.S.C. §1915(b)(1).[5]

**SCREENING**

The court is required by Rules Governing Habeas Corpus to immediately review a habeas corpus petition to determine if the writ should be granted. Because Mr. Muldrow is a prisoner, the court is likewise required by statute to screen a civil rights complaint filed by him and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened the materials filed by Mr. Muldrow, the court finds as follows.

It is well settled that claims regarding conditions of confinement may not be raised in a petition for writ of habeas corpus. Petitioner styled this action as a habeas corpus petition; however, the only claims of the many raised in his pleadings that

---

[5] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined would be directed by this court to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the $350.00 filing fee has been paid in full.

4

may properly be raised in a habeas corpus petition are his challenges to recent prison disciplinary action. All other claims raised by Mr. Muldrow are, as he himself characterizes them, challenges to his conditions of confinement. Prisoners who wish to challenge the conditions of their confinement, as opposed to the execution of their sentence, must do so in a civil rights complaint. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); McIntosh v. United States Parole Commission, 115 F.3d 809, 812 (10th Cir. 1997)(A habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's confinement); see Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(conditions-of-confinement claims must be brought in a civil rights complaint rather than a habeas corpus petition).

In order to continue to proceed in this action as a habeas corpus petition, Mr. Muldrow must voluntarily dismiss all persons who are not proper respondents,[6] and voluntarily dismiss all claims regarding the conditions of his confinement.[7] He may do so by filing a complete "Amended Petition" that omits all "respondents" other than his current custodian, and omits all his conditions

---

[6] The only proper respondent in a habeas corpus action is the person who currently has custody over the petitioner, and is usually only one person. 28 U.S.C. § 2242; Rumsfeld v. Padilla, 543 U.S. 425, 435-42 (2004).

[7] Dismissal of his conditions-of-confinement claims without prejudice in no way prevents Mr. Muldrow from litigating those claims. To the contrary, he is free to challenge the allegedly unconstitutional conditions of his confinement by filing a separate civil rights complaint naming as defendants those individuals whose direct personal actions caused the alleged conditions.

5

claims.[8]

Mr. Muldrow is further notified by the court that the facts he has alleged thus far with respect to the disciplinary incident on July 1, 2010, and the proceedings that followed are not shown to implicate a liberty interest, and thus do not support his claim of a violation of due process. More specifically, the sanctions imposed upon him do not rise to the level of disciplinary measures that "inevitably affect the duration of (his) sentence." See Sandin v. Conner, 515 U.S. 472, 487 (1995). If the disciplinary sanctions against an inmate do not result in a forfeiture of sentence credit, then he or she is not entitled to the due process protections afforded by Wolff v. McDonnell. In addition, a habeas petitioner must show that he properly and fully exhausted the administrative remedies available at every level of the disciplinary appeals process. Petitioner must satisfactorily address these issues before a responsive pleading will be required on his habeas corpus claims, and should do so in any Amended Petition. Habeas corpus relief on a challenge to disciplinary action will generally consist of judicial review of the prison administrative proceedings and decision and a new proceeding or relief from the sanctions, if warranted. Thus, the court finally notifies petitioner that it lacks authority to order the requested relief, that is Mr. Muldrow's

---

[8] The court finds that the following claims raised by Mr. Muldrow are conditions-of-confinement claims, and are not properly raised in this habeas corpus petition: plaintiff's complaints regarding his continued assignment to SHU for non-disciplinary and improper reasons, plaintiff's Eighth Amendment claims based upon conditions in the SHU including denial of movement and rehabilitative programs; plaintiff's First Amendment claims including those involving the practice of his religion and the handling of his mail; plaintiff's claims regarding access to the law library, and any other conditions claims he briefly mentions such as complaints about the food service, visitation, and the behavior of correctional officers.

transfer to another institution.  Decisions regarding where federal prisoners are housed are within the discretion of prison authorities.

The court advises Mr. Muldrow that his claims that the July 2010 disciplinary report was "false" and retaliatory may be pursued as an attack on the disciplinary charge itself in this habeas corpus petition.  However, any claim for relief against particular correctional officers alleging that they retaliated against him with false disciplinary charges and sabotaged him for using the grievance process are also conditions-of-confinement claims.[9]  See, e.g., Zarska v. Higgins, 171 Fed.Appx. 255, 259 (10th Cir. 2006).

The court also advises Mr. Muldrow that pro se prisoner litigants must comply with the Federal Rules of Civil Procedure.  Mr. Muldrow's current amended petition/complaint (Doc. 2) does not comply with Rule 15 of the Federal Rules of Civil Procedure.  He is directed that he may not add claims or parties to this action

---

[9] The court notes that these claims are also completely conclusory. "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." See Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). "The existence of an improper motive for disciplining a prisoner which results in interference with a constitutional right" may give rise to a cause of action." Id.  However, not "every response to a prisoner's exercise of a constitutional right gives rise to a retaliation claim." Dawes v. Walker, 239 F.3d 489, 492-93 (2d Cir. 2001), overruled on other grounds by Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002).  "An inmate claiming retaliation must 'allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights'." Peterson v. Shanks, 149 F.3d at 1144 (10th Cir. 1998)(citing Frazier v. Dubois, 922 F.2d 560, 562 FN 1 (10th Cir. 1990).  "In order to establish a First Amendment retaliation claim, a prisoner must demonstrate that he was (1) engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct and the adverse action." See Scott v. Churchill, 377 F.3d 565, 569 (6th Cir. 2004)).  He must prove that "but for" the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." Peterson, 149 F.3d at 1144 (citing Smith, 899 F.2d at 949-50).  That is, "it is imperative that [a] plaintiff's pleading be factual and not conclusory.  Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier, 922 F.2d at 562 FN 1; see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999)("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

without submitting a complete Amended Petition or Amended Complaint in accordance with FRCP Rule 15.[10]

Mr. Muldrow's civil rights claims do not comply with the Federal Rules governing proper joinder of claims and parties. Those rules, briefly summarized, allow all claims to be filed in one complaint that are against a single defendant. However, in order to join a second or other defendants in the same action, all claims against all named defendants must arise from the same transaction or set of transactions. See Fed.R.Civ.P. Rules 18, 20. In other words, a plaintiff may not file a single action raising a myriad of unrelated claims against every person he believes he has a civil rights claim against. Mr. Muldrow is also notified that his request for immediate release from the SHU and to be allowed the "same rights and privileges as the other inmates" at USPL must be raised in a civil rights complaint.

Mr. Muldrow is given time to file an Amended Habeas Corpus Petition pursuant to 28 U.S.C. § 2241 that omits the improper respondents and conditions of confinement claims and that states additional facts showing he is entitled to relief under § 2241 and that he has exhausted. The Amended Petition must be accompanied by the filing fee of $5.00 or an appropriate motion for leave to proceed without fees and a certified statement of his inmate account for the appropriate six-month period. If petitioner fails to file

---

[10] In order to add any claim to a complaint that was not raised in the original complaint, a plaintiff must file a complete Amended Complaint. See Fed.R.Civ.P. Rule 15. An Amended Complaint entirely supercedes the original complaint, and therefore must contain all claims the plaintiff intends to pursue in the action including any presented in the original complaint. Any claims not included in the Amended Complaint shall not be considered. Plaintiff may not add claims to his original complaint by simply filing a motion or other paper in which he discusses additional claims.

an Amended Petition that complies with this Order, then this court may dismiss all respondents other than the current warden and all the conditions claims without prejudice. If petitioner fails to properly respond to any portion of this Memorandum and Order within the allotted time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is given thirty (30) days in which to satisfy the appropriate filing fee and to file an Amended Habeas Corpus Petition that omits the improper respondents and claims.

**IT IS FURTHER ORDERED** that petitioner's Motion Seeking Expeditory Injunctive Relief (Doc. 3) is denied.

The clerk is directed to transmit to petitioner § 2241, § 1331 and in forma pauperis forms.

**IT IS SO ORDERED.**

DATED: This 5th day of October, 2010, at Topeka, Kansas.

                                           **s/RICHARD D. ROGERS**
                                           **United States District Judge**